## CALLOWAY V. McELROY & FLANNAGIN.

1. When the vendor of land fraudulently induces the vendee to purchase, by showing him lands of a superior quality, which are purchased, and afterwards lands of inferior quality are conveyed, the vendee can not make a defence at law, when sued for the purchase money. His relief is in equity, which can render complete justice to each party, by rescinding the contract, or allowing compensation.

2. An unsuccessful attempt to defend at law, when no defence could there be made, under the circumstances of the case, will not preclude a party from relief, in a court of equity.

3. It is no cause to dismiss a bill for relief, that the complainant admits that the only witnesses by which he can prove his case, are interested, so as to be incompetent at the time when the bill is exhibited, because their interest may be removed before the hearing.

4. An offer to compromise, which is not accepted, will not preclude relief in equity, although payment may subsequently be made by an agreement between the parties, by giving notes due from other persons. The question of accord and satisfaction is matter of defence, and it will not be inferred from the payment in this mode.

Writ of error to the Court of Chancery, for the third district of the southern division.

THE bill alleges, that the complainant Calloway, in February, 1837, purchased from the defendants several tracts of land, which are specifically described; for which he executed his notes, with two other individuals as securities. Previous to the purchase, the several tracts were *shewn by* the defendants to the complainant and his two securities, without respect to the numbers indicated by the public survey, and the contract of purchase was made with reference to the lands thus shewn and examined. The defendants executed conveyances for lands which the complainant accepted, knowing nothing of the numbers by which they were designated, but supposing they were the same tracts which he had examined and contracted to purchase. Two of the tracts conveyed, were not the tracts which were shewn and purchased, and two of those which were shewn, and formed a part of the contract, were not conveyed. The lands conveyed, are worth not more than one dollar and twenty-five cents, whilst those shown and not conveyed, are

worth fifty dollars per acre; thus making a difference in the respective values, of from four to six thousand dollars.

The complainant, as soon as he ascertained the fraud which had been practised on him, demanded a rescission of the contract, which the defendant refused. They soon after, commenced suits on the notes given for the purchase money, and the complainant having no other witnesses to prove the fraudulent transaction than his two securities, and being advised that he could defend at law, filed interrogatories for the defendant, McElroy, to answer, as the suits were instituted in his name. These were answered, but the fraud was denied. The complainant then proposed to his counsel, to deposit the amount of his indebtedness in the hands of the clerk or sheriff, in order to render his securities competent witnesses to prove his defence of fraud in the suit at law, but was advised that this would not avail him, and that he should endeavor to compromise; this also was attempted, but did not succeed, and the complainant then permitted judgments to be taken against him. Some portion of the judgments have been paid by giving other notes in discharge of his liabilities. The complainant admits that he is only able to establish his case by his securities, whom he has indemnified against their liability, in a manner satisfactory to them. The bill prays an injunction against the judgment at law, and for general relief.

The Chancellor dismissed the bill for want of equity, under the impression that all the matters of defence stated in the bill, were available as a defence at law.

The complainant now prosecutes his writ of error and questions, by his assignment of errors, the correctness of this decree.

G. W. GAYLE, for the plaintiff in error.

EDWARDS, contra.

GOLDTHWAITE, J.—The case made by this bill, is one of exclusive equity jurisdiction, because complete justice cannot be accorded in a Court of law, to each of the contending parties. This results from the fact that the complainant, by virtue of the conveyance received from the defendants, is invested with the title to lands which he never purchased; there-

fore,.the effect of a successful defence by the complainant, to a suit at law, on the notes made by him, would be, that the defendants would have neither lands nor money, and to obtain a re-conveyance of the former, would themselves be driven to a Court of Equity. Besides, in most cases of this nature, there are material equities arising out of the use and occupation of the land, and also, with respect to improvements made upon it, which a Court of law is altogether incompetent to adjust.

Although the precise question now presented, has never been determined in this Court, its attention has recently been called to the examination of the powers of a Court of Equity, to afford relief in cases of fraudulent sales. In one, the fraud consisted in a false representation of title, Young v. Harris, 2 Ala. Rep. 108; and in the other, on shewing lands which were not conveyed, but which formed the inducement to purchase. Camp v. Camp, 2 Ala. Rep. 632. In neither of these did we doubt the competency of a Court of Equity to afford relief.

We will not undertake to determine that there may not be cases of fraudulent sales, in which a Court of law may properly afford relief in a defence to a suit for the purchase money, even in a case where possession is retained by the purchaser; but we think it cannot be done in such a case as this, when the consequence to the vendor would be, the loss of his land, and also, the consideration for which he parted with the title.

2. As the defence in this case would have been entirely ineffectual, if it had been made out in the Court of law, the complainant cannot be prejudiced by the attempt there made, under the statute, to obtain the necessary discovery from the defendant, McElroy, by the exhibition of interrogatories.

3. Neither do the allegations, with respect to the difficulty of obtaining evidence of the fraud said to have been practised, because of the incompetency of his witnesses, countervail the equity of the bill. It may be, that other evidence can be procured, or if the interest of the witnesses cannot be otherwise removed, it certainly can by payment of the notes signed by them, without impairing the complainant's right to relief.

4. Nor is the statement, that an attempt was made to effect a compromise, and when that failed, that a portion of the debt for the purchase money, was extinguished by the transfer of other notes, a sufficient reason to decline jurisdiction, because

it cannot be inferred from this, that either a compromise was effected, or a new contract made. If such was indeed the case, the new contract, or the accord and satisfaction, will be proper matter to be insisted on by the defendants answers.

Our conclusion is, that the bill ought not to have been dismissed, and the decree of the Chancellor is accordingly reversed, and the cause remanded.