# FRATT *v.* FISKE AND LORING.

To suit on note and mortgage, the condition of which was a deed of land with warranty of title from plaintiff to defendants, defendants set up fraud in this: that plaintiff represented that the title was confirmed by the United States, which representation defendants aver was false. Defendants, at time of deed, were in possession of a portion of the land, afterwards went into possession of the balance, and have been in possession ever since. They made no offer to rescind the contract until suit and filing answer; and it neither appears, nor is it averred, that defendants had no notice of this fraud until answer. But there was some proof that defendants employed counsel to contest plaintiff's title after the date of the deed: *Held,* that a party entering on land by virtue of a contract, and holding possession under and enjoying the fruits of the contract, must, if he desires to rescind it for fraud, act promptly and give notice of his intention to rescind, or he will be deemed to have waived the fraud.

*Held, further,* that in this case defendants were not entitled to a rescission of the contract without placing plaintiff *in statu quo.* Plaintiff having by his deed remitted all control over the land sold to defendants, could not have sold or rented it, and was therefore entitled to the value of the rents and profits of that portion of the land of which defendants were not in possession at date of the deed, upon rescission of the contract—at least, it should have been averred and proved that the use of the land was of no value to defendants, and would not have been of any value to plaintiff.

*Held, further,* that as to the land of which defendants were in possession at the date of the deed, equity, in case the contract were rescinded for fraud, would probably not allow plaintiff rents and profits.

*Query:* Whether a party can go into equity to set aside a contract for fraudulent representation as to title, when he has been let into and enjoyed peaceably the possession, and when the vendor has executed a warranty deed and there is no charge of insolvency.

APPEAL from the Eleventh District.

February 8th, 1859, plaintiff was about to commence suit against defendants to eject them from certain lands lying in Yolo county, known as the Rancho de Capay. To avoid suit, defendants agreed to purchase the lands of which they were in actual possession, about four hundred acres, and also eleven hundred acres additional, of which defendants have never had possession other than constructive possession by virtue of the deed. On that day plaintiff made them a deed of grant, bargain and sale for the fifteen hundred acres, containing a warranty in the following words, to wit: "And the said party of the first part, for himself and his heirs, the said premises in the quiet and peaceable possession of the said parties

Fratt *v.* Fiske and Loring.

of the second part, their heirs and assigns, against the said party of the first part and his heirs, and against all and every person whomsoever, lawfully claiming, or to claim the same, shall and will warrant, and by these presents forever defend." At the same time he took from defendants three promissory notes for the purchase money, secured by a mortgage on the land sold. Defendants having failed to pay the notes and interest, this suit was brought to foreclose the mortgage. Defendants admit the foregoing facts, but set up as matter of defense, that they were induced to purchase in consequence of the plaintiff representing that the Rancho de Capay, of which he was the owner, had been surveyed by the United States Surveyor General, and that the survey had been approved by the proper officers of the Federal Government; that a patent had been issued; and that nothing remained to perfect his title but the President's signature to his patent. These statements they allege were false, and amounted to a fraud upon them. They allege that the survey was rejected by the United States Land Office, to the knowledge of plaintiff, and therefore pray that the contract of sale be rescinded, and their notes and mortgage be delivered up to be canceled.

Defendants proved that the plaintiff made the statement concerning his title as alleged. It was admitted by the defendants that since the purchase by them, they had united with other parties in employing Mr. Blanding, the former District Attorney of the United States, to contest the survey, and have the lands purchased by them excluded.

The Court below decreed that plaintiff surrender to defendants the notes and mortgage sued on; that defendants deliver to the Clerk of the Court the deed from plaintiff, to be canceled; and that they give up possession of all the land not in their possession at the date of the deed; and that defendants have judgment for costs.

Plaintiff appeals.

*Clark & Gass*, for Appellant.

I. If the plaintiff's statements were untrue, they were made concerning the title, and not concerning the condition, quantity or quality of the land. When the fraudulent representations com-

plained of relate to the title, the party complaining can have no relief in equity; for in taking a deed with warranty of the title, he has provided a remedy for the evil complained of, and he has that remedy upon the warranty.    But when the misrepresentations relate to the quantity, quality or condition of the land sold, no remedy can be had upon the warranty in the deed, and therefore equity will intervene to afford relief.    The title might be perfectly good, and yet the land useless for the purposes for which it was purchased. (*Whitney* v. *Allaire,* 1 Coms. 313; *Peabody* v. *Phelps,* 9 Cal. 228; *White* v. *Thayer,* 3 Id. 228; *Norton* v. *Jackson,* 5 Id. 265; 4 Id. 264.)

The warranty in this deed is for quiet enjoyment, which is substantially, with an exception not pertinent to this case, a general warranty of title.    (Rawle on Covenants for title, 202, 258.)

II.    Plaintiff is solvent and fully able to respond in any damages which may be recovered in any suit upon his covenant of warranty.

III.    There was no offer made by the defendants to pay rents, or account for the profits of the land during the time they held it under the purchase from plaintiff, and thus put him *in statu quo.* This offer should have been made in the answer. (*Norton* v. *Jackson,* 5 Cal. 265; *Jackson* v. *Norton,* 6 Id. 189; *Cullen* v. *The Bank of Ala.,* 21 Ala.; 3 Id. 21.)

*S. R. Hopkins,* for Respondents.

I.    The first objection to the defense is, that before we can obtain this relief, we must first show an eviction, or show that an eviction will inevitably follow, by showing a paramount outstanding title in another; and that plaintiff is insolvent and unable to respond in damages.

Those cases cited by appellant only establish this old and familiar rule, viz: that a vendor selling land in good faith is answerable for the goodness of his title only to the extent of his covenants in the deed; and that the covenants could only be broken by an eviction, etc.; but where the sale was not in good faith, the rule can have no application.    (Sugden on Vendors, vol. 1, 320–21; *Edwards* v. *McLeay,* Cooper's E. R. 308; *Denston* v. *Morris,* Edwards' Ch. R. 37; *Van Epps* v. *Morrison,* 5 Hill, 63; *Holbrook* v. *Burt*

*et al.*, 22 Pick. 546 ; *Whitney* v. *Allaire*, 1 Coms. 306 ; and cases cited.)

II.    The misrepresentations were such a fraud upon us as to entitle us to rescind.    It makes no difference whether we have a remedy at law on the covenant or not.    (*Whitney* v. *Allaire*, 1 Coms. 306 ; *Holbrook* v. *Burt*, 22 Pick. 546.)

*Peabody* v. *Phelps* (9 Cal.) only holds that, if the seller merely asserts that he is the owner, and resorts to no fraud to prevent investigation, or to stop inquiries, and the buyer relies upon the mere naked assertion of title, and does not use that diligence that a prudent man would use in his own affairs, equity will not relieve ; but if the seller does conceal a fact material to the title, or resort to any fraudulent means to prevent investigation, or when asked in regard to the evidences of his title, misstated it, and the facts were relied upon by the buyer, and could not by ordinary diligence have been discovered, and were material, equity will relieve.

The representation here was not in regard to the mere naked fact of title ; but in regard to a fact material to the title.    The United States and plaintiff were disputing over the survey ; it was in the nature of an incumbrance on the land ; he assured us it had been removed.    This was false.    Besides, that case is not in hand in many particulars.    There the covenants were covenants of title.    Here the covenant is for quiet enjoyment only.    There, upon failure of title, the purchaser had a complete remedy upon the covenants at law.

III.    As to defendants offering to account for the rents and profits, no case can be found where the mere failure to offer to account for the rents and profits was held to be fatal, without some showing that the party from whom they were claimed had had the actual use, occupation and beneficial enjoyment of the land, and that its use was of value to him.

The facts are, that long before the sale to defendants, they had all the land in use that they have at this day ; defendants never had any possession of any part of the land outside of their inclosure, except such a constructive possession as followed the deed.    If the point had been made in the Court below, we could have proven that it was of no value to us, and no injury to plaintiff, to have been so deprived of its use ; and if there was anything in the point it is

now too late to raise it for the first time in this Court; but if it is true that plaintiff is entitled to have an account of the rents and profits, this Court will not order judgment for plaintiff, but will send the case back to determine the amount.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Plaintiff brought suit on a note and mortgage, the consideration of which was the conveyance of certain land in Yolo county. The defendants were in possession of a portion of this land at the time of the conveyance by the plaintiff, which was by deed with warranty; another portion was conveyed, of which the defendants went into possession. The defendants set up fraud in this, that the plaintiff represented the title was confirmed by the Federal Government, which representation, the defendants aver, was false. It seems that the defendants have been in possession since the conveyance, and no offer was made, so far as appears, until the suit and the filing of the answer, to rescind the contract; and it does not appear, nor is it averred, that the defendants had no notice of the fraud until the answer. On the contrary, there seems. to be some proof that the defendants employed counsel to contest, and were contesting, the plaintiff's title to the ranch, after the making of this contract.

The rule is, that a party entering by virtue of a contract, and holding possession under, and enjoying the fruits of a contract, if he desires to rescind it for fraud, must act promptly and give notice promptly of his intention to rescind it; otherwise he will be held to have waived the fraud. He cannot lie by and enjoy the benefits of a contract until the other party seeks to enforce it, and then set up its invalidity, when he knows that the representations which induced him to make it were fraudulent. (3 Johns. Ch. R. 23; 17 Johns. 437; 1 S. & M. Ch. R. 390; 9 Porter, 420.)

But we think the defendants were not entitled to a rescission without placing the plaintiff in *statu quo*. By the deed, the plaintiff remitted all control over the land sold to the defendants, and could not have used it or rented it. He was entitled, therefore, to the value of the rents and profits of it upon a rescission of the contract;

or at the very least, it should have been averred and proved that the use of the land was of no value to the defendants, and would not have been of any to the plaintiff.    This observation is made in reference to the eleven hundred acres not in possession of defendants at the time of the contract; for in respect to the four hundred acres in their possession at that time, if the fraud be established, probably a Court of Equity would hold that the plaintiff should derive no benefit from a contract thus tainted.    (6 Cal. 182.)

It is not necessary to pass definitely upon the question whether a party can go into equity to set aside a contract for a fraudulent representation as to the title, when he has been let into and enjoyed peaceably the possession, and when the vendor has executed a deed with warranty, and there is no charge of insolvency.    (See, however, 1 Sug. on Vend. 320; 22 Pick. 546; 5 Hill, 6; 2 Ala. 108; Id. 632; 3 Id. 251; [see the last three cases for a qualification of the rule] 3 Ala. 406; 4 Ala. 21.)

We reverse the judgment, that the case may be retried in accordance with the principles of this opinion.