EBENEZER B. COBB, Appellant, *v.* SAMUEL A. HATFIELD and ELIJAH P. FENTON, Respondents.

In order to rescind a contract, on the ground of fraud, there must not only be a disaffirmance of it at the earliest practicable moment after the discovery, but a return of all that has been received under it, and a restoration of the other party, to the condition in which he stood, before the contract was made.

The taking of any benefit under the contract after knowledge of the fraud, or changing the condition of the property, the subject-matter of the contract, is a ratification of it.

Plaintiff sought to recover as upon the rescission of a contract, for the purchase of an undivided share or interest in certain oil property in Pennsylvania. The assignment entitled plaintiff, to receive a proportionate number of shares of the stock of an incorporated association, when it was fully organized. Defendant offered to show that plaintiff received the stock in accordance with the contract, and had never returned it, or canceled it, or offered so to do. This evidence was excluded.

*Held*, Error. That if the certificate of stock was received after knowledge of fraud, it was an election to abide by the contract, if before, plaintiff upon a rescission was bound to transfer or tender it to defendants.

An appeal from an order granting a new trial, with the stipulation required, of judgment absolute in case the order is sustained, is only proper and admissible, when the *sole* question that can be presented upon the record, relates to and will determine the merits of the controversy, and cannot be obviated upon a second trial. Where there are exceptions which, if sustained, will entitle the successful party to a new trial, but the decision of which will not necessarily determine the merits, the exceptions must be clearly frivolous to justify the hazard of such an appeal.

(Argued November 17, 1871; decided November 28, 1871.)

APPEAL from an order of the General Term of the Supreme Court, in the seventh judicial district, reversing a judgment in favor of plaintiff, entered on verdict of a jury, and ordering a new trial.

This action was for the recovery of $1,000 and interest paid by the plaintiff to the defendants, upon the purchase of an interest in an oil property in Pennsylvania, upon the ground that the purchase had been induced by the false and fraudulent representations of the defendants as to the character, yield, and value of the property.

The plaintiff claimed to recover as upon a rescission of the contract and sale. Upon the trial the question of fraud was submitted to the jury, the court ruling and deciding, that the plaintiff had done sufficient to rescind the contract, and that if the fraud had been proved and the purchase had been made of, and payment made to the defendants, the plaintiff was entitled to recover. The facts material to the question disposed of, appear in the opinion. The jury found for the plaintiff upon the controverted questions of fact, and rendered a verdict for the amount claimed. Upon an appeal to the General Term of the Supreme Court from the judgment upon the verdict, the judgment was reversed for error in law and a new trial granted.

*J. H. Reynolds*, for appellant. Where plaintiff is only in possession of written promise of defendant, a tender and cancellation at trial is sufficient. (*Nichols* v. *Michael*, 23 N. Y., 264; *Ladd* v. *Moore*, 3 Sand. S. C. R., 589; *White* v. *Dodd*, 42 Barb., 555; *Fraschieris* v. *Henriques*, 36 Barb., 276; *Nichols* v. *Pinner*, 18 New York, 312.) Plaintiff can maintain separate action for his undivided injury. (*Doremus* v. *Selden*, 19 J. R., 213; *Ruckman* v. *Pitcher*, 1 N. Y., 392; *Ruckman* v. *Pitcher*, S. C., 20 N. Y., 9; *Ruckman* v. *Pitcher*, S. C., 13 Barb., 556.)

*W. C. Ruger*, for respondents. It was incumbent upon plaintiff to show, that he had restored to defendants all rights

or property received under the contract. (1 Den., 69 ; 2 Den., 136 ; 23 N. Y., 264 ; 14 Barb., 594 ; 2 Hill, 288 ; 5 Bar., 319 ; 5 Hill, 389 ; 35 Barb., 76 ; 32 Barb., 171.)

ALLEN, J.  Under the complaint the plaintiff might have treated the action as in case for the recovery of damages for the alleged fraud ; and in such action no return of property received from the defendants, or other act restoring the defendants to the condition they occupied before making the contract, would have been necessary as a condition precedent to maintaining the action. But upon the trial the plaintiff expressly repudiated the contract, and claimed to recover the money advanced, and paid, as upon a rescission of the contract, and at the close of the evidence on his part, tendered to the defendants, and offered to cancel the assignment and transfer, and claimed to recover in the action the consideration paid and interest, " solely upon the ground of a rescission of the contract " for the alleged fraudulent representations of the defendants. The recovery was had for the money paid and interest thereon. The judge charged the jury, that what had been done was sufficient to entitle the plaintiff to maintain the action, that it was a sufficient rescission of the contract. It is somewhat questionable whether the point upon which the Supreme Court reversed the judgment and granted a new trial, was properly taken. No question was made at the trial, as to the necessity of an immediate rescission of the contract upon a discovery of the fraud ; and the judge at circuit did not rule, and was not called upon to rule in respect to the time at which the plaintiff should have rescinded the contract, and restored or tendered to the defendants what he had received. His attention was not called to that question, and *non constat*, that had the question been directly raised, the plaintiff might not have shown an earlier revocation than was shown at the trial. The judge only passed upon the character and quality of the acts relied upon as a rescission, and not as to their timely and seasonable performance.

But, passing this, a fatal error was committed, on the trial, in the exclusion of evidence offered by the defendants. The assignment and transfer to the plaintiff was of an undivided share or interest in certain property, and entitled him to a proportionate number of shares of the capital stock in the "Collins Oil Company," an incorporated association, when the corporation should be fully organized and prepared to issue stock certificates.

The capital stock of the corporation represented the interests of the proprietors of the property, of whom the plaintiff became one by his purchase of the defendants; and when he should receive his stock certificate, that, rather than the assignment and transfer from the defendants, would represent and evidence his ownership of the property and interests purchased. The corporation was organized, and stock certificates were issued to the owners, in October, 1865. The defendants offered to show, that the plaintiff applied at the office of the company for his stock, and that it was delivered to him in fulfillment of the contract of purchase from the defendants, and that he had accepted it and kept it, and had never returned it or canceled it, or offered so to do. The evidence was excluded upon objection by the plaintiff.

It was said by both counsel, and such would seem to be the fact from the evidence, that the plaintiff received his stock certificate after the commencement of this action. If so, it was necessarily after he had knowledge of the fraud of which he complains; and the act was a ratification and affirmance of the contract. He could not, with knowledge of the fraud which had been practiced upon him, take any benefit under the contract, or change the condition of the property, the subject-matter of the contract, and then repudiate the contract. The taking of a benefit is an election to ratify it, and concludes him. He cannot be allowed to deal with the subject-matter of the contract, and afterward disaffirm it. The election is with the party defrauded to affirm or disaffirm the contract; but he cannot do both. (*Masson* v. *Bovet*, 1 Denio, 69.) By accepting the stock certificate, he elected to abide

by the purchase. But, if the certificate of stock was received before the commencement of the action, and before the plaintiff had knowledge of the fraud, he was bound, upon a rescission of the contract, to restore to the defendants all that he had received from them, and all that he had acquired under it; to place the defendants in *statu quo*, as near as practicable. The law not only requires a disaffirmance of the contract at the earliest practicable moment after discovery of the cheat, but a return of all that has been received under it, and a restoration of the other party to the condition in which he stood before the contract was made.

To retain any part of that which has been received upon the contract is incompatible with its rescission. (*Masson* v. *Bovet, supra; Voorhees* v. *Earl,* 2 Hill, 288; *Hogan* v. *Weyer,* 5 id., 389.)

The contract, although fraudulent, was not, *ipso facto,* void, but only void at the election of the plaintiff, and a return of what he had received under it. Where a party had parted with goods for the note of a third person, upon the fraudulent representations of the purchaser as to the solvency of the maker, and had recovered a judgment upon the note, the court held that he could not rescind the sale without tendering an assignment of the judgment. (*Baker* v. *Robbins,* 2 Denio, 136.)

The evidence offered was material upon the question of affirmance of the contract, as well as in respect to the acts necessary on the part of the plaintiff to a rescission of it, and upon the right of the plaintiff to recover the money paid, and should have been admitted. If the fact had been proved, as offered, that the plaintiff had received and kept his certificates of stock, a transfer or delivery of these certificates, or a tender to the defendants, was necessary to a complete rescission of the contract, and the evidence offered was competent and material. It follows that the order granting a new trial must be affirmed and judgment absolute given for the defendants.

This is a fit case to allude to the hazardous practice which is becoming so general, of risking an appeal to this court from an order granting a new trial, with a stipulation, made neces-

sary by statute, that in case the order is affirmed, judgment absolute shall be given against the party appealing. There is but a single class of cases, and the individual cases coming within it are rare, in which this course can prudently be adopted. It is only proper and admissible, when the sole question that can be presented upon the record, relates to and will determine the merits of the controversy, unembarrassed by incidental questions affecting the trial, but not necessarily decisive of the true merits of the litigation. If every fact that can affect the result has been upon the trial adjudged favorably to the party against whom the new trial has been granted, and no exceptions have been taken to the admission or rejection of evidence, or to the rulings upon minor or incidental questions in the progress of the trial, which, if well taken, will entitle the exceptant to a new trial; in other words, if the objections and exceptions taken at the trial, and to the recovery, cannot be obviated upon a second trial, but the verdict and judgment must necessarily be adverse to the party against whom the new trial has been granted, if the order and decision, stand an appeal from the order, with the stipulation for judgment absolute in case the order is sustained, may be advisable. But ordinarily, as in this case, there are exceptions, which, if well taken, will entitle the unsuccessful party to a new trial, but the decision of which will not finally or necessarily determine the merits of the action or the rights of the parties; and in such cases the exceptions must be clearly frivolous to justify the hazard of an appeal from the order granting a new trial, with the consent to a judgment absolute upon an affirmance of the order. The decision of the questions presented by the record in this case, were not necessarily fatal to the plaintiff, but they are made so by the appeal from the order, and the giving of the ordinary statutory stipulation, and the plaintiff loses the benefit of a second trial.

The order must be affirmed, and judgment absolute for the defendants.

All concur.    Order affirmed.