[No. 5,781.]

# HERMAN v. HAFFENEGGER.

RESCISSION OF CONTRACT.—A party entitled to rescind a contract on the ground of fraud, can only do so by returning, or offering to return, everything of value which he has received under it, and cannot maintain an action until he has done so.  *Held*, accordingly, in an action to rescind a contract, where the proofs failed to show such a return, or offer to return, that the plaintiff was rightly nonsuited, although he was prepared to make, and did make, the offer at the trial.

APPEAL from an order granting the plaintiff a new trial, in the Fifteenth District Court, City and County of San Francisco.

The facts are stated in the opinion.

*Wm. Crosby*, for Appellant.

If the plaintiff wished to rescind, he should have made a good tender before suit.  At the trial was too late.  (*Gifford* v. *Carville*, 20 Cal. 595; *Turnpike Co.* v. *Commonwealth*, 2 Watts, 434; *Matteawan Co.* v. *Bentley*, 13 Barb. 641; *Baker* v. *Rob-*

*bins,* 2 Den. 136 ; *Thayer* v. *Turner,* 8 Metc. 552 ; *Frat* v. *Fiske,* 17 Cal. 384 ; *Norton* v. *Young,* 3 Greenl. 32.) The tender of April, 1871, was a nullity. Plaintiff neither produced what he offered to give, nor had it to produce. (*Sargent* v. *Graham,* 5 N. H. 440 ; *Bakeman* v. *Pooler,* 15 Wend. 639.) The party seeking to rescind must put the other party *in statu quo.* (*State of California* v. *McCauley,* 15 Cal. 458 ; *Hunt* v. *Silk,* 5 East, 449 ; *Purdy* v. *Bullard,* 41 Cal. 444 ; *Miller* v. *Steen,* 30 Id. 407 ; *Beed* v. *Blandford,* 2 Younge & J. 278 ; *Christy* v. *Cummings,* 3 McLean, 386 ; *Meyer* v. *Shoemaker,* 5 Barb. 323 ; *Coolidge* v. *Brigham,* 1 Metc. 547.)

*Estee & Boalt,* for Respondent.

The offer to rescind, made before the commencement of the suit, with the tender at the trial, was sufficient to satisfy the rule as to restoration. (*White* v. *Dods,* 28 How. Pr. 197 ; *Fraschieris* v. *Henriques,* 32 Barb. 171 ; *Nichols* v. *Michael,* 23 N. Y. 264.)

*Same,* on petition for rehearing.

The defendant dispensed with the necessity of a tender, by his positive refusal to rescind ; which was equivalent to a positive refusal to restore to the plaintiff what he had received under the contract. (Code Civ. Proc. § 1091.)

Department No. 2, THORNTON, J. :

The plaintiff herein instituted an action to annul a contract made with defendant, to recover the money paid him, and to compel him to reconvey certain real estate which plaintiff had conveyed to him under the contract.

The ground of recovery alleged is the fraudulent representations made by defendant with regard to the subject-matter of the contract, on account of which fraud, the plaintiff alleges that prior to the commencement of the action, he rescinded the contract, and had offered to restore to the defendant what he received thereunder.

At the trial the defendant moved for a nonsuit, on the following grounds:

"1st. That plaintiff was not entitled to rescind the contract, without returning, before suit, what he had received from defendant. 2nd. That the proof did not correspond with the allegations of the complaint. 3rd. That the testimony did not tend to show that plaintiff did comply with the terms of the contract between him and the defendant. 4th. That it did not appear that plaintiff had made a sufficient tender to defendant to entitle him to a rescission of the contract, and to sustain the action."

The Court granted the motion.

A new trial was applied for and granted, and from the order granting a new trial this appeal is prosecuted.

It appears, from the statement on appeal, that the plaintiff, to sustain the issues on his part, made *prima facie* proof of the contracts, of fraudulent misrepresentations, and of payments as alleged, and then follows this admission: "And defendant admits that plaintiff made sufficient proof to sustain his case, except as to tender and as to time of attempting to rescind."

The statement then sets forth the evidence of what plaintiff received from defendant under the contract, and what was done by plaintiff in regard to a rescission.

The points left open for consideration are, first, as to tender, and second, as to time of attempting to rescind.

We are of opinion that the attempt to rescind was made within the time required by law.

The word " *tender*," as used in the admission above quoted, must be interpreted as an offer to restore or return what plaintiff had received of defendant under the contract.

It nowhere appears that any offer to return was made previous to action brought. The only testimony as to this is that of the plaintiff, and is as follows: "In April, 1871, I offered to defendant to rescind our contract, and demanded of him the money and land which I had paid him under said contract. I did not then have the interest I had sold to Weisenborn, or the shares I had sold Lamme. I could have got that interest and those shares at any time, but would not trouble those gentlemen till defendant had accepted my offer of rescission. When I de-

mánded the money and land, defendant said I had all I had bar-gained for, and refused to rescind."

The plaintiff had received of defendant something of value, and we do not find in the testimony any return or offer to return to defendant, that which plaintiff had received of him. The plaintiff, indeed, as the testimony shows, did not then own what he had so received. He could not maintain the action until he had so returned, or offered to do so. This was a condition precedent to his maintenance of the action. And as he did not comply with this requisite, the nonsuit was properly granted. (*Gifford* v. *Carville*, 29 Cal. 579, 593.)

The Court having properly nonsuited the plaintiff, in our opinion it was error to grant a new trial.

The order appealed from must, therefore, be reversed, and the cause remanded; and it is so ordered.

SHARPSTEIN, J., and MYRICK, J., concurred.