PHILIP KRUMM, RESPONDENT, v. SUSANNAH BEACH AND ELIAS W. BEACH, APPELLANTS.

*Fraudulent representations — a return of the property received is not a prerequisite to an action for deceit — what evidence is admissible in such an action — when the parties are concluded by the prices fixed by their contract — liability of one who accepts the fruits of the act of another, assuming to act for her, for his frauds.*

The plaintiff and the defendant E. W. Beach entered into an agreement whereby the latter agreed to sell and convey to the former a tract of land in Allegany county, containing eighty-six acres, for the consideration of $2,400, which the plaintiff was to pay by conveying a house and lot in Buffalo, valued in the contract at $1,400, by assigning a bond and mortgage for $500 owned by him, and by giving back a bond and mortgage for $500 on the Allegany county land. The land in Allegany county was owned by the defendant Susannah, the mother of E. W. Beach. The agreement was carried into effect and the necessary conveyances and assignments executed and delivered. Thereafter the plaintiff brought this action to recover damages for representations made to him by E. W. Beach, by which he was induced to enter into the contract, and which were alleged to have been falsely and fraudulently made.

*Held*, that as the plaintiff did not seek to rescind the contract it was not necessary for him to tender a reconveyance of the land before bringing the action.

Upon the trial, the plaintiff was allowed, against the defendant's objection and exception, to show the value of certain lands which Beach had falsely stated were part of the lands to be conveyed.

*Held*, no error; that by means of such proof the extent of the plaintiff's damages could be ascertained.

The defendant offered to prove the value of the house and lot in Buffalo.

*Held*, that the evidence was properly rejected; that as by the agreement the defendant had agreed to accept it for $1,400, its real value was, in the absence of any allegations of fraud, immaterial.

It was not shown that the defendant Susannah ever authorized E. W. Beach to make any of the representations respecting the lands conveyed by her, or that

she had any knowledge that they had been made, either before or after the execution of the contract or deed, nor was it shown that she ever authorized him to act as her agent in the sale of the land.

*Held,* that by accepting a part of the fruits of the fraud practised by her son, she ratified the agency assumed by him, and became liable for his fraudulent representations.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

On the 15th day of July, 1876, the defendant Elias W. Beach made a contract in writing with the plaintiff, by which, for the consideration of $2,400, he agreed to convey to the plaintiff a tract of land in Allegany county, in this State, containing about eighty-six acres. By the same paper the plaintiff agreed to pay such consideration as follows: By the assignment to Elias W. Beach of a mortgage on property in Erie county, $500; by the conveyance of a house and lot on Folsom street, in the city of Buffalo, $1,400; by a mortgage on the Allegany county land, collateral to the plaintiff's bond, $500.

On the 22d day of July, 1876, the contract was performed by the respective parties, the defendant Susannah Beach, who was the sole owner of the lands, executing a deed to the plaintiff of the Allegany county lands, and the plaintiff executing to her a deed of the Folsom street lot, and a bond for the payment of $500, with a mortgage collateral thereto on the Allegany county lands. At the same time, and in further performance of the contract, the plaintiff executed to the defendant Elias W. Beach an assignment of a bond and mortgage for $600 executed to him by one John Huber.

It was alleged in the complaint and claimed on the trial that, as an inducement to the plaintiff to enter into the contract, false representations as to the situation, condition and value of the Allegany county lands were made to him by the defendant Elias W. Beach.

On the trial of the action, the plaintiff offered to show that the value of twenty acres of land, which it was claimed that the defendant Elias W. Beach had pointed out to the plaintiff as a part of the lands which he proposed to sell, but which in fact was not embraced in the deed, was of the value of twenty dollars per acre.

On the trial, the defendants offered to show what was the value of the Folsom street house and lot at the time of the contract and the

conveyance of the same. The evidence, upon the plaintiff's objection, was excluded.

It was proved upon said trial that the value of the Allegany county lands so conveyed to the plaintiff was at least $300, and that the same had not been reconveyed by the plaintiff, and that he had never offered to reconvey the same.

*David F. Day,* for the appellants.

*Osgoodby* and *Moot,* for the respondent.

HARDIN, J.:

Apellants' counsel is mistaken in supposing a tender back of a conveyance of the lands received, or mortgage and bond delivered to plaintiff, as a necessary condition precedent to a recovery for damages sustained by the fraudulent representations made by Elias W. Beach. *Culver* v. *Avery* (7 Wend., 380) and cases cited by him from *Cobb* v. *Hatfield* (46 N. Y., 533), and *Guckenheimer* v. *Angevine* (81 id., 395), were unlike this one. They were cases where an attempt was made to rescind the contract for fraud.

This is an action for *fraud and deceit,* and the fraudulent representations form the gravaman of the action. (7 Wend., 380, *supra ; Clark* v. *Baird,* 9 N. Y., 183.)

Evidence was given tending to establish that Elias W. Beach fraudulently made false representations as to the lands in the negotiation for the sale, and that the purchaser, relying thereon, agreed to pay $2,400 for the premises, and the extent of the damages suffered by the plaintiff by reason thereof. Thus a cause of action was made out against him.

In the agreement to convey he is described as a principal, and the only vendor of the lands. It was competent as against him to show by the opinions of witnesses the value of the piece represented to be sold, which was not in fact included in the conveyance to the plaintiff. The value of the lands so included, per acre, appeared in the case, and by means of such proof the extent of the damages sustained by the plaintiff was ascertainable. Such opinions were held competent in *Clark* v. *Baird (supra).*

The $2,400 to be paid by the plaintiff was named in the contract

between the parties, and its manner of payment was, viz., "$500 to be paid by bond and mortgage given by the plaintiff on such land; another $500 was paid by the transfer of the Huber bond and mortgage, and the remainder of $1,400 by the conveyance of the Folsom street house and lot," as specified in the *contract.*

The offer to show the value of the Folsom house and lot was rejected, and the defendants excepted. There was no counter-claim for fraud in respect to it, and it was, therefore, immaterial what its value was. The defendants had agreed to accept it for $1,400, and by the agreement were concluded as to its price and value.

The general exception to the charge of the court was so broad that it presents no question for review here. (*Newell* v. *Doty*, 33 N. Y., 83 ; *Wheeler* v. *Billings*, 38 id., 263 ; *Ayrault* v. *The Pacific Bank*, 47 id., 570.)

The verdict and judgment should be sustained as against Elias W. Beach.

But as to the female defendant, another question is presented by this case. She did not join in the contract for the sale of the lands to the plaintiff.

The case states, viz., "no proof was given upon said trial that the defendant Susannah Beach ever authorized the defendant Elias W. Beach to make any of the representations respecting the lands conveyed by her to the plaintiff, or that *she had any* knowledge that such representations *had been* made either *before* or *after* the execution of said contract or deed."

At the close of the evidence the court was asked to direct a verdict in her favor and declined, and an exception was taken by her to such refusal.

No submission was made to the jury as to whether Elias W. was agent for his mother, the female defendant. Nor does the evidence disclose that she ever authorized him to act in the premises as her agent in the sale of the lands.

In *Bennett* v. *Judson* (21 N. Y., 238), it appeared that the *vendor* had an agent who had committed a fraud unauthorized and unknown to him, but that the vendor had participated in the fruits of the fraud of his *agent*, and he was therefore liable.

In *Baker* v. *Union Mutual Life Insurance Company* (43 N. Y.,

288), there was an appropriation of the funds arising out of the wrongful act of the *agent*, and the principal was therefore held liable.

No agency to sell the lands as the property of the mother was revealed by the evidence in the case before us.

But it is apparent from the evidence that the female defendant accepted part of the fruits of the fraud practiced by her son, assuming to act as her agent, and we think she thereby ratified his assumption of agency, and is therefore liable for the fraud practiced by him.

The judgment should be affirmed.

Judgment affirmed.

SMITH, P. J., concurred; HAIGHT, J., not sitting.