J. FRANK WRIGHT, Respondent, *v.* THE CITY OF MOUNT VERNON, Appellant.

*Assessment of damages — not necessary after an affirmance and judgment absolute in the Court of Appeals where the trial court has found the amount thereof.*

An action to recover damages, because of an alleged unlawful entry by the defendant upon the premises of the plaintiff and the destruction of improvements upon such premises, was referred to a referee who made a report finding, as a matter of fact, that the value of the improvements destroyed was a specified

sum, but adjudging that the defendant was entitled to have the complaint dismissed upon the merits. Upon an appeal by the plaintiff, the Appellate Division reversed the judgment on questions of law and of fact and granted a new trial before a new referee. The defendant then appealed to the Court of Appeals, stipulating that if the judgment and order appealed from should be affirmed, judgment absolute should be rendered against it.

*Held,* that, upon the affirmance of the judgment and order by the Court of Appeals, judgment might properly be entered upon the remittitur for the amount of damages found by the referee and that it was not necessary that a new assessment of damages should be made.

APPEAL by the defendant, The City of Mount Vernon, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 16th day of October, 1902, denying the defendant's motion to vacate a judgment theretofore rendered in the action in favor of the plaintiff.

*William J. Marshall,* for the appellant.

*Milo J. White,* for the respondent.

GOODRICH, P. J.:

The complaint alleged that the plaintiff was the owner of property at Mount Vernon, upon which the defendant unlawfully entered and destroyed his improvements, to his damage $6,402.12. The answer denied, among other matters, the amount of the damages. A reference was ordered by consent and evidence was offered which established the fact that the plaintiff had expended for the building of a sewer upon his premises more than the amount claimed, and the referee found as matter of fact that the plaintiff had expended in the construction of the sewer $6,402.12. He made a report, however, in favor of the defendant, upon which a judgment was entered dismissing the complaint on the merits. From that judgment the plaintiff appealed to this court, which reversed the judgment on questions of fact and law and granted a new trial before a new referee to be appointed at Special Term. The defendant appealed to the Court of Appeals, stipulating "that if the judgment and order hereby appealed from is affirmed, judgment absolute shall be rendered against it." The Court of Appeals affirmed the judgment of this court and ordered judgment absolute, with costs. Judgment on the remittitur was entered for $6,402.12, with interest and costs.

The defendant moves to vacate the judgment on the ground that it is absolutely void for the reason that there has been no assessment of the damages.

*Wilson* v. *Palmer* (11 Hun, 325) was an action to foreclose a mechanic's lien and to obtain a personal judgment against the defendants. The judge at Special Term found all the facts on which the plaintiff relied to establish his claim, but found that he was not entitled to any lien and that the complaint should be dismissed. On appeal to the General Term of this department the judgment was reversed and a new trial granted. The defendants appealed to the Court of Appeals, stipulating that if the judgment should be affirmed, judgment absolute should be rendered against them. The Court of Appeals affirmed the order and rendered judgment absolute against the defendants, and the court below entered a judgment which not only established the lien but the personal liability of the defendants for the debt. The defendants moved to strike out so much of the judgment as established a personal judgment. This was denied and an appeal was taken. The court held that no further proceedings were necessary to ascertain the amount which the plaintiff was entitled to recover, for that had been done on the trial already had, and that it is only where such subsequent proceedings are requisite to render the judgment of the Court of Appeals effectual that they are required to be taken, and that no such necessity existed in the case. This decision is precise authority upon the present appeal, and, so far as I can ascertain, has never been questioned. It is the law announced by this department, and we follow it.

The referee found the amount of the damages at $6,402.12. He so found on undisputed evidence. It is true that this finding was not essential to his decision, as he dismissed the complaint. Neither was the similar finding in *Wilson* v. *Palmer* essential to the decision at Special Term in that case. The defendant, however, knew of the finding of the amount of damages when the appeal was taken. It did not except to the finding and did not appeal therefrom. On the contrary, on the appeal to the Court of Appeals, it stipulated for judgment absolute, provided the judgment of the General Term should be affirmed. It had its day in court on the question of the amount of damages, and did not see fit to offer any evidence to

contradict the plaintiff's evidence on the subject.   The Court of Appeals, in several cases, has pointed out the dangers attending such a stipulation, and held parties to a strict liability where such a stipulation is made.   (See *Cobb* v. *Hatfield*, 46 N. Y. 533 ; *Hitchings* v. *Van Brunt*, 38 id. 335; *Hiscock* v. *Harris*, 80 id. 403; *Conklin* v. *Snider*, 104 id. 641.)

The order should be affirmed, with costs.

WOODWARD and HIRSCHBERG, JJ., concurred; BARTLETT and JENKS, JJ., concurred solely on the authority cited.

Order affirmed, with ten dollars costs and disbursements.