DAVIS v. LEVERING.  (No. 7298.)

(Supreme Court, Appellate Division, First Department.  June 4, 1915.)

CORPORATIONS ⬾117—SALE OF STOCK—FRAUD—RESCISSION—LACHES.

One who was induced to purchase stock by fraudulent representations that a dividend had been declared and would be paid to stockholders of record on a date subsequent to the time of the purchase, and who, after the discovery of the fraud, indicated by his acts to treat the purchase as valid, by accepting dividends, suggesting his election as a director, and claiming the right to subscribe for his pro rata share of an increase of the stock of the corporation by virtue of his ownership of the stock purchased, and who delayed for about nine months after the discovery of the fraud before suing to rescind the purchase, was barred under the rule that a party, claiming to rescind a contract for fraud, must act promptly on the discovery of the fraud, and restore, or offer to restore, to the other party what he has received thereunder.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 506; Dec. Dig. ⬾117.]

Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by William H. Davis against Richmond Levering.  From a judgment of dismissal, plaintiff appeals.  Affirmed.

See, also, 163 App. Div. 886, 147 N. Y. Supp. 1106.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Mark G. Holstein, of New York City, for appellant.
Clifford Seasongood, of New York City, for respondent.

McLAUGHLIN, J.  Action in equity for the rescission of an executed contract for the purchase of 130 shares of stock of the Indian Refining Company, a foreign corporation, on the ground of fraud, and to require the defendant to take back an additional 88⅖ shares acquired by the plaintiff by subscriptions to respective increases of the capital stock.  The complaint was dismissed upon the merits, upon the ground that the plaintiff, upon discovery of the fraud, failed to promptly disaffirm the purchase, but instead ratified and confirmed it.  From this judgment, plaintiff appeals.

In December, 1907, the plaintiff purchased from the defendant, who was president of the Indian Refining Company, 130 shares of its stock. The complaint alleges, and the learned trial justice found upon sufficient evidence, that the plaintiff was induced to make this purchase upon defendant's fraudulent representation that a dividend had been declared for the year 1907, which would be paid on February 15, 1908, to those who were stockholders of record on December 31, 1907. Shortly after the purchase the plaintiff received from the Refining Company a notice of the declaration of a 10 per cent. dividend for the year 1907, and on February 17, 1908, he and his assignor received two checks of the Refining Company, aggregating $1,300, indorsed "Dividend No. 2."  No dividend had, in fact, been declared, and the $1,300 which plaintiff and his assignor received was paid either by the defend-

---

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ant or the Refining Company in apparent accord with defendant's representations. Notwithstanding the fact that plaintiff received a letter from Dwight, the attorney for the Refining Company, in May, 1908, stating, "No dividend has been declared or paid on the Indian Refining Company's stock during the last six months," the trial court found that the plaintiff did not discover the defendant's fraud until April 6, 1911. The plaintiff did not offer to return the stock, or do anything to disaffirm the purchase, until January, 1912, when this action was commenced. As stated by Andrews, J., in Schiffer v. Dietz, 83 N. Y. 300:

> "A party claiming to rescind a contract for fraud must act promptly on discovery of the fraud, and restore, or offer to restore, to the other party what he has received under it. He cannot thereafter deal with the other party on the footing of an existing contract, or with the property acquired under it as his own."

See, also, Tanenbaum v. Federal Match Co., 189 N. Y. 75, 81 N. E. 565; Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; Strong v. Strong, 102 N. Y. 69, 5 N. E. 799; Zimmele v. American Plaster Board Co., 1 App. Div. 327, 37 N. Y. Supp. 183.

Applying this rule, the complaint was properly dismissed. There is an abundance of evidence to sustain the finding that the plaintiff discovered the fraud certainly as early as April, 1911. He not only did not then offer to return the stock, or take any steps looking towards a disaffirmance of the purchase, but all of his acts from that time down to about the time this action was commenced, January 29, 1912, indicated an intention on his part to treat the sale as a valid one. He suggested that he be elected a director of the corporation. He accepted two dividends declared upon the stock. He claimed the right to subscribe for his pro rata share of an increase in the capital stock of the company, by virtue of his being the owner of the stock the sale of which he now seeks to repudiate; and because he was not allotted such pro rata share he threatened to bring suit against the company to recover $21,000. Under such circumstances, I think the court properly determined that with full knowledge of the facts he elected to ratify the purchase of the stock, and he was not in a position to question the validity of the sale.

It follows that the judgment dismissing the complaint should be affirmed, with costs.

INGRAHAM, P. J., and LAUGHLIN and SCOTT, JJ., concur. CLARKE, J., dissents.