CHRISTOPHER PULLMAN, Respondent, *v.* MARY ALLEY, Appellant.

(Submitted June 12, 1873; decided September 23, 1873.)

THIS was an action to foreclose a mortgage executed by defendant to James Neill as security for her bond of $3,000. Prior to February, 1869, Robert A. Sinclair and wife owned the premises in fee, defendant having a mortgage thereon of $5,000. Neill & Co. were carrying on a grocery store in New York. Negotiations were then pending for the sale of their

stock in trade, fixtures, and an interest in the lease of the pre_mises, to Sinclair. The latter agreed to give a mortgage upon the said premises for $3,000, which should be the first lien. To effect this Sinclair and wife conveyed the premises to defendant, who thereupon executed and delivered to him by bond, conditioning to pay James Neill (one of the firm of Neill & Co.) $3,000, and also a mortgage upon said premises, which are the bond and mortgage in suit. These were delivered to Neill in pursuance of the contract of purchase, and thereupon the transfer of the stock of goods was completed. Two grounds of defence were set up and relied upon by defendant; 1st, the pendency of an action in the Supreme Court brought by Sinclair against the members of the firm of Neill & Co., the present plaintiff and the defendant, to rescind the sale, upon the ground of fraud, and asking that the securities given in payment, including the bond and mortgage, be delivered up to Sinclair; 2d, that Sinclair had in fact rescinded, and thereby the bond and mortgage became and were the property of Sinclair. As to the first, *Held*, that this action was not barred by the pendency of that commenced by Sinclair, as the causes of action are not the same and the effect sought for in this suit, *i. e.*, the foreclosure of the mortgage, could not be had in the other. As to the second, that as the evidence showed that Sinclair, before offering to rescind, had sold most of the stock purchased, and had sublet and received rents from the premises, and so was not in a condition to restore Neill & Co. substantially to the situation occupied by them before the sale he could not rescind, but must seek his remedy in damages for the fraud. The referee based his decision in favor of defendant in part upon a third ground, that the bond and mortgage having been procured to be executed by fraud, were void. *Held*, that the fraud only rendered the contract voidable at the election of Sinclair, upon rescission of the contract, not void; and that as the latter could not rescind, the mortgage remained operative.

*M. L. Townsend* for the appellant.

*C. Frost* for the respondent.

GROVER, J., reads for reversal and new trial. All concur except FOLGER and ALLEN, JJ., not voting. CHURCH, Ch. J., concurring in result.

Judgment reversed.