MORRIS FRIEDMAN and Another, Respondents, *v.* PHILIP RICHMAN and Another, Appellants.

Third Department, July 1, 1925.

Sales — rescission by purchaser on ground of fraudulent representation by vendor — property purchased consisted of stock in trade, fixtures and good will — purchaser had knowledge of fraud several months before attempted rescission — purchaser cannot retain goods and rescind as to remainder of contract — right to rescind forfeited by delay.

A purchaser of real property, stock in trade, fixtures and good will is not entitled, in an action solely to rescind the contract, to retain the stock in trade, and have recission of the remainder of the contract; the contract must be rescinded in its entirety or not at all.

Furthermore, the purchaser did not have the right to maintain an action for

rescission on the ground of fraudulent representation on the part of the vendor, since it appears that he delayed rescinding the contract for several months after he discovered the fraud on which he bases his right to rescind.

APPEAL by the defendants, Philip Richman and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Greene on the 12th day of January, 1925, upon the decision of the court rendered after a trial at the Greene Trial Term before the court without a jury in an action for the rescission of a contract of purchase and sale made on the 23d day of January, 1924, between the parties hereto.

*R. Monell Herzberg* [*John C. Tracy* of counsel], for the appellants.

*Reilly & Yaras* [*Coplin Yaras* of counsel], for the respondents.

VAN KIRK, J.:

The complaint states a cause of action for rescission only and tenders a return of the property, the stock of goods, fixtures and good will which the plaintiffs had purchased from the defendants. The plaintiffs paid to defendants the sum of $23,750 by check and by two notes of $2,500 each, one maturing May 23, 1924, and the other September 23, 1924. The action for rescission was begun September 19, 1924. In October, 1924, an action was begun by Philip Richman against these plaintiffs to recover on the promissory note due September 23, 1924; these two actions were consolidated. The action for rescission is based upon alleged false and fraudulent representations made by the defendants to the plaintiffs. For the purposes of this decision we may assume that the alleged representations were made, that they were false and that plaintiffs believing, and relying upon, them made the purchase. The court has so found and held that plaintiffs are entitled to recover, but it finds also that the plaintiffs may retain the entire stock of goods purchased; that the promissory note dated January 23, 1924, must be canceled and surrendered; that plaintiffs shall return the fixtures, valued at $955, and the good will, valued at $3,295. After deducting from the amount paid the value of the goods and the note which is to be canceled, it finds that plaintiffs are entitled to recover the sum of $4,250, with interest from January 23, 1924. It must be held in mind that the complaint did not demand and the respondents do not now claim that they are entitled to any damages, but only to a rescission of the contract. As said in their brief, " no damages were awarded or asked for." While it is true that the word " damages " does not appear in the judgment, it does appear that the purchasers were allowed to retain the entire stock of goods, which, under the circumstances, is an affirmation in part of the contract of sale.

The plaintiffs, immediately after the purchase, entered into possession of the store and conducted the business from January 23, 1924, to September 19, 1924, during which time goods were being sold and new goods were being purchased and mingled with the stock not yet sold. At the time of the sale a list of the goods with values was made by the purchasers, but the actual value of the goods sold was not established on the trial, otherwise than by this statement, nor was the amount of the original goods still remaining in the store on the 19th day of September, 1924, established. As time passes stocks of goods depreciate in value, styles change, goods become out of season and shopworn. The plaintiffs paid the $2,500 note, which became due May 23, 1924, four months after they had purchased, and it was not until shortly before the second note became due that they sought to rescind the contract. Although the court has not so found, the evidence shows that the plaintiffs knew, long before September 19, 1924, all they later knew concerning the alleged false representations. With this knowledge they continued to sell goods and replace them and to perform all their other obligations under the contract of purchase.

We may assume that a man who purchases a going merchandise business may conduct that business in the usual manner, selling and replacing the goods, and, if he acts immediately upon the discovery of false representations, on account of which he seeks rescission of his contract, may tender a return of so much of the goods purchased as remain and the seller may be made good as to the goods sold by a money allowance for their value. But, when an action is brought solely for rescission of the contract, the plaintiff may not retain a portion of the goods he purchased and return the remainder. In this case the court has ordered restoration of the fixtures and good will and a retention of the goods purchased which remain unsold. On this account the judgment must be reversed. (*Cobb* v. *Hatfield*, 46 N. Y. 533.) The judgment rendered is inconsistent with the pleadings and with the whole theory of the trial. In an action for rescission solely the contract may not be affirmed in part and rescinded in part. If it cannot be rescinded in its entirety, it cannot be rescinded at all. (*Slater* v. *Slater*, 208 App. Div. 567, 573.)

But, in our view, the plaintiffs cannot now succeed in this action. With full knowledge of the alleged fraud, so far as plaintiffs ever had it, they continued to perform the contract and thereupon have no longer retained the right for rescission thereof. If a party has been induced to make a contract of purchase through fraud and desires to be relieved wholly from that contract, he must take action immediately on discovering the fraud; he must restore or

offer to restore that which he has purchased or which remains of his purchase and, if this be refused, bring his action for rescission immediately. The contract which he has made is not void, but voidable only at the option of the defrauded party. (*McNaught* v. *Equitable Life Assurance Society*, 136 App. Div. 774, 780; *Baird* v. *Mayor*, 96 N. Y. 567, 598; *Schiffer* v. *Dietz*, 83 id. 300; *Clark* v. *Kirby*, 204 App. Div. 447.) To continue to retain the property purchased and deal with it after he has discovered the fraud is incompatible with a claim for rescission. (*Cobb* v. *Hatfield, supra.*) The plaintiffs, after they discovered the fraud, put themselves in a position where they could not make the restoration required in order to maintain an action for rescission of the contract; and, if they have any remedy, it must be in an action to recover damages for the fraud. (*Pullman* v. *Alley*, 53 N. Y. 637.) The case of *Weigel* v. *Cook* (237 N. Y. 136) is not in any way in conflict with this holding.

Under the consolidation agreement and order the action on the note due September 23, 1924, stood as a counterclaim. Philip Richman is the owner and holder of this note and is entitled to have paid him the amount of the note, with interest.

The judgment should be reversed and the complaint dismissed, with costs in all courts. The defendant Philip Richman is entitled to judgment for the amount due on the note due September 23, 1924.

We disapprove of findings of fact as follows: Nos. 23, the last paragraph of 29, and 30; and we find that there is no competent proof of the value of the merchandise purchased at the time of the purchase, or of the value of so much of the merchandise purchased as remained in plaintiffs at the time the action was begun or was tried; that for months prior to demand made by plaintiffs for rescission of the contract, they had all the knowledge of fraud and false representations inducing them to purchase the merchandise, good will and fixtures, which they possessed at the time such demand was made and the action was begun; and that the defendants are entitled to judgment dismissing the complaint, with costs. The defendant Philip Richman is the owner and holder of the note due September 23, 1924, set up as a counterclaim, and is entitled to judgment thereon.

All concur.

Judgment reversed on the law and facts and complaint dismissed, with costs in all courts. Judgment is directed in favor of the defendant Philip Richman on the note for the sum of $2,500, with interest from September 23, 1924. Findings of fact disapproved as stated in opinion.