In the Matter of the Rehabilitation of LAWYERS MORT-
GAGE COMPANY.

FRED M. STEIN, as Trustee, Appellant; MORTGAGE
COMMISSION OF THE STATE OF NEW YORK et al.,
Respondents.

Argued January 24, 1938; decided March 8, 1938.

*George A. Spiegelberg* and *Harry W. Mack* for appellant. The only purpose of the reorganization was to vest title to the property in a trustee to be selected by the certificate holders. The manner of selection and the identity of the trustee was not only material but was the only material matter before the court. (*Matter of New York Title & Mortgage Co.*, 154 Misc. Rep. 865; 155 Misc. Rep. 820; 154 Misc. Rep. 864; 156 Misc. Rep. 667.) The modification of the promulgated plan and the entry of a final order over the protests of seventy-five per cent of the certificate holders constitutes a taking of private property without due process of law and is unconstitutional. (*Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69.)

*James F. Donlan, Louis Timberg, Benjamin Harwood, Jr.*, and *Maurice Finkelstein* for Mortgage Commission of the State of New York, respondent. The court has power to appoint trustees. (*New York Security Co.* v. *Saratoga Gas Co.*, 88 Hun, 569; 157 N. Y. 689; *People* v. *Norton*, 9 N. Y. 176; *Jones* v. *Jones*, 8 Misc. Rep. 660; *Wolff* v. *Mortgage Commission*, 270 N. Y. 428; *Matter of Runk* v. *Thomas*, 200 N. Y. 447; *Colson* v. *Pelgram*, 235 App. Div. 137.) There was no abuse of judicial discretion. (*Matter of Tempest*, [1856] 1 Ch. 485; *Wehe* v. *Wehe*, 63 N. D. 176; *Matter of Cronan*, 31 Nova Scotia, 477; *Matter of Welch*, 20 App. Div. 412; 154 N. Y. 774; *Matter of Pitney*, 113 App. Diy. 845; *Matter of Gunther*, 197 App. Div. 28.)

*Stanley S. Hawkes* and *Ralph W. Crolly* for Brooklyn Trust Company, respondent. The court had the power

to appoint a trustee of its own selection. (*Matter of Bruns*, 156 Misc. Rep. 873; *Matter of Steinway*, 159 N. Y. 250; *People ex rel. Swift* v. *Luce*, 204 N. Y. 478; *Matter of Stilwell*, 139 N. Y. 337; *People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582; *New York Security & Tr. Co.* v. *Saratoga Gas Co.*, 88 Hun 569; 157 N. Y. 689; *People ex rel. Mayor* v. *Norton*, 9 N. Y. 176; *Jones* v. *Jones*, 8 Misc. Rep. 660; *Matter of Runk* v. *Thomas*, 200 N. Y. 459; *Colson* v. *Pelgram*, 235 App. Div. 137; *Matter of Gunther*, 197 App. Div. 28.)

LEHMAN, J. The appellant, as trustee of three estates, is the holder of certificates of participation in a mortgage on real property in the borough of Brooklyn. The mortgage was guaranteed by Lawyers Mortgage Company and the certificates were issued by it. The amount due on the mortgage is $115,000. Certificates in the amount of $92,265 are outstanding in the hands of the public, and the three estates represented by the appellant, as trustee, hold certificates in the amount of $70,000, constituting more than seventy-five per cent of all the outstanding certificates. As such trustee, the appellant promulgated and consented to a plan of reorganization of the rights of all the holders of the mortgage investment. A hearing was held upon that plan in the Supreme Court. The court modified the plan, approved it as amended, and declared it binding upon the holders of all the certificates. The appellant did not consent to the plan as modified. On the contrary, he attempted to withdraw his consent when the plan which he had promulgated was modified. Upon this appeal the question presented is whether a plan to which the holders of more than sixty-six and two-thirds per centum in principal amount of a mortgage investment have consented and which has been thereafter modified and approved as amended by the court may be declared binding upon all the holders of the certificates, though the holders who consented to the original plan are opposed to the plan as amended.

The plan as promulgated by the appellant provided that " all rights and powers of a single absolute owner of the bond and mortgage and property securing this issue are to be vested in one trustee." It further provided that: " One Trustee shall be elected by the certificate holders. No provision is made for the nomination and election of a trustee beyond the statement in this paragraph contained for the reason that this plan is being presented by the holders of over seventy (70%) per cent of the certificates outstanding and entitled to vote." The court amended the plan by striking out this provision and in its place making provision for the appointment of a trustee by the court.

To meet an extraordinary situation which constituted an imminent danger to the public welfare, the Legislature, in chapter 745 of the Laws of 1933, popularly known as the Schackno Act, provided an extraordinary remedy. It authorized the adoption of plans for the " reorganization " of the rights of holders of certificates of participation in a mortgage investment without the unanimous consent of the holders, even though such rights were created by a contract protected by the Constitution against impairment by a State, but at the same time it inserted in the statute provisions calculated to safeguard the rights of all holders of certificates against substantial injury which might be caused by the adoption of an unfair plan without unanimous consent.

These provisions are contained in sections 6 and 8 of the statute. The Superintendent of Insurance must mail a copy of the plan to every holder of a mortgage certificate and a copy or summary of the plan to each other person or corporation known to the Superintendent to have an interest which may be affected by the proposed plan or agreement. The court must hear the parties interested, and the Superintendent must mail notice of such hearing. " The court shall thereupon approve, modify or disapprove such plan or agreement. No such

plan or agreement shall become operative unless and until it shall have been approved, in its original or in a modified form by such court, and unless and until the holders of two-thirds in principal amount of such mortgage investments  *  *  *  shall have consented to such plan or agreement." (§ 6, subd. 2.)

The statute further provides: " § 8. Jurisdiction of supreme court. The supreme court of the county in which any such guaranty corporation has its principal office is hereby vested with jurisdiction and authority to determine the fairness of any plan or agreement which may be promulgated hereunder with respect to any mortgage investments sold or guaranteed by such guaranty corporation and to approve, modify or disapprove the same. Such court shall make an order approving, modifying or disapproving such plan or agreement. In the event that the court shall have approved or modified such plan or agreement; and if at the time of the entry of such order the court shall have been satisfied that sixty-six and two-thirds per centum of the holders in principal amount of such mortgage investment or their duly authorized agent have approved such plan or agreement, such order shall recite such fact, and shall thereupon be binding upon all the holders of such mortgage investments and the guaranty corporation which shall have sold or guaranteed them and all of the parties interested therein. If at the time of making such order such percentage of the holders of such mortgage investment shall not have approved the same, such order shall provide that upon satisfactory proof of the fact that sixty-six and two-thirds per centum of the holders in principal amount of such mortgage investments shall have approved the same, a further order may be entered ex parte approving such plan or agreement, which further order shall be binding upon all the holders of such mortgage investments and upon the guaranty corporation which shall have sold or guaranteed the same and upon all other parties interested therein."

In sustaining the validity of the statute in spite of the fact that, both in purpose and in effect, it altered in some degree the contractual rights of holders of certificates, we said: " The fairness of these provisions is evident. They do not give to a majority in interest, however large, the power to coerce another holder to accede to any plan of reorganization by the majority. They do not give the court power to coerce a single holder to accede to any plan of which the court approves. They do give the court authority, after a hearing, to approve a reorganization plan which is consented to by two-thirds in amount of those interested and to declare such plan effective." (*Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69, at p. 93.)

The statute creating the Mortgage Commission (Laws of 1935, ch. 19) supplements and in some respects modifies the provisions of the Schackno Act, but it leaves in full force the requirement that no plan becomes operative " unless and until it shall have been approved, in its original or in a modified form by such court, and unless and until the holders of two-thirds in principal amount of such mortgage investments * * * shall have consented to such plan or agreement." A provision in a plan for the appointment or nomination of a trustee is an integral part of the plan. It may, indeed, as in this case, be the most important provision of a plan. There may be difference of opinion as to whether the rights of the holders of a minority interest would be better safeguarded by a trustee nominated by the holder or holders of a majority interest than by a trustee selected by the court. A provision that a trustee should be appointed by a person or group owning a majority interest might, *in some cases*, be unfair to those owning a minority interest, and after hearing the interested parties the court might in such cases refuse to approve the plan without modification. Even so, a majority in amount of the holders of certificates in the mortgage investment might reasonably

consent to a plan where the interested owners nominate the trustee, and refuse consent to a plan where the court could nominate as trustee a person or corporation not approved by the owners of the investment. The court may appoint a trustee to act for the owners of a mortgage investment only where the statute gives the court that power. A *plan* for the reorganization of the rights of the holders of a mortgage investment may provide for the administration of the mortgage by a trustee. The statute does not expressly or by fair implication confer upon the court power to appoint a trustee in such case unless the plan so provides. The statute intends that the method of nomination should be an integral part of the plan and should be provided in the plan. In the Schackno Act that intention appears by fair implication; in section 10 of the Mortgage Commission Law (Laws of 1935, ch. 290; Laws of 1936, ch. 485; Laws of 1937, ch. 771) it is clearly expressed: " Holders of mortgage investments  *  *  *  may at any time formulate a plan of reorganization contemplating the withdrawal of such bonds, notes or other evidences of indebtedness, mortgages and property from the commission [the Mortgage Commission] and the vesting of the same in a trustee or trustees *nominated by them or by the court in the manner provided for in such plan*  *  *  *." (Italics are ours.)

The court's power to modify the plan by changing the provision for the nomination of a trustee and to declare the plan as amended binding is subject to the same restrictions as in case of other modifications. The plan does not become operative until the holders of two-thirds in amount of the certificates outstanding in the hands of investors shall consent.

It is argued that a holder who consents to a plan before the hearing by the court must be deemed to consent to any modification made by the court after the hearing. The statute does not say so in express terms, and we do

not read, by implication, into the statute a provision which might, as in this case, impose upon the holders of a majority in amount of the outstanding certificates a plan to which they strenuously object.

We have said that " the Legislature has not    *    *    * provided that any obligation of a contract shall be impaired without the consent of two-thirds in amount of the holders of an interest in such obligations.   Performance by the debtor according to the letter of the bond may be demanded unless holders in that amount consent to its postponement or alteration.   The statute is directed solely towards facilitating agreement among such holders in a plan which will be fair to all and to prevent unreasonable insistence upon the letter of the obligation of contracts when, under changed conditions, such insistence might work injury both to individuals similarly situated and to the community.   It gives, indeed, to the creditors as a group a remedy which they did not have before; it deprives no one of a remedy which he would use for his legitimate benefit or without injury to others."   (*Matter of People* [*Title & Mortgage Guarantee Co.*], *supra*, p. 94.)   A modification of a plan may result in the elimination of those features of the plan which induced a majority in amount of the holders to consent to the original plan.   Then, if the plan, as amended, binds those who consented to the original plan but who object to the amended plan, the contractual rights of these holders may be impaired without the consent of a majority of those interested.   That is exactly what the Legislature did not intend to authorize and which, perhaps, it could not authorize.

True, the appellant could have promulgated the plan as trustee of an estate holding a minority in amount of the mortgage investment and then as trustee of an estate holding a larger amount, could have refused to consent to the plan when approved by the court, with or without amendment, and thus could have blocked the plan.

We are told that, consequently, the appellant's contractual rights are sufficiently safeguarded. Protection which is dependent upon technicality is insufficient protection. The plan formulated by the appellant cannot become effective without concurrent approval of the appellant and of the court. When the plan formulated by the appellant was amended by the court over the objection of the appellant the appellant had the right to withhold consent to the amended plan, and without that consent it could not be made binding.

The orders should be reversed, with costs in all courts, and the matter remitted to the Special Term to proceed in accordance with this opinion.

CRANE, Ch. J., O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Ordered accordingly.