PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Successor Trustee under a Trust Mortgage Made by PENNSYL-VANIA OPERATING CORPORATION to AMERICAN TRUST COMPANY, as Trustee, Dated May 1, 1924, Respondent, v. PENNSYLVANIA OPERATING CORPORATION and Others, Defendants.

EDWIN H. BIGELOW and Others, as a Reorganization Committee, Intervening Defendants, Appellants; PENNSYLVANIA INVESTORS, INC., a Bondholder, Appellant; "JOHN DOE" and "RICHARD ROE," the Names "John Doe" and "Richard Roe" Being Fictitious, the Real Names of Such Persons Being Unknown to the Appellants, Said Fictitious Names Being Intended to Designate Certain Unidentified Bondholders Represented by Messrs. HOFFMAN AND HOFFMAN, Respondents.

First Department, April 1, 1938.

*James D. Wise* of counsel [*Wright, Gordon, Zachry & Parlin,* and *Weil, Gotshal & Manges,* attorneys], for the intervening defendants, appellants.

*Milton M. Bergerman* of counsel [*Herman Jervis* with him on the brief; *Rosenberg, Goldmark & Colin,* attorneys], for the appellant Pennsylvania Investors, Inc., a bondholder.

*H. H. Ramm* of counsel [*Clarence V. S. Mitchell* with him on the brief; *Choate, Larocque, Mitchell & Ely*, attorneys], for the plaintiff, respondent.

*Samuel Hoffman* of counsel [*Herman D. Matfus* and *Charles D. Hoffman* with him on the brief; *Hoffman & Hoffman*, attorneys], for the respondents " John Doe " and " Richard Roe " (Meyer J. Haberman and other holders of bonds in the total amount of $50,000).

PER CURIAM. Two issues are presented: (1) Whether under the reorganization plan of the bondholders' committee any voting trustees to be named should be designated by the court or selected by the bondholders themselves; and (2) whether the appointment of voting trustees was necessary and advisable under the plan proposed.

The statute under which the plan of reorganization is sought to be effected (Real Prop. Law, §§ 119 *et seq.*) (Burchill Act) does not confer upon the court power to appoint trustees in the first instance, nor did the plan of the committee of the majority of the bondholders so provide. While, under such circumstances, the court might properly refuse to approve the plan as proposed, it should not, over objection, provide that the trustees be selected by the court rather than by the bondholders. (*Matter of Lawyers Mortgage Company*, 277 N. Y. 244.) While in the case cited the court was considering the Mortgage Commission Act,* the principle of the decision is controlling. Both statutes are *in pari materia.*

However, we are further of the opinion that, upon the record here presented, neither necessity nor advisability for the appointment of voting trustees was shown. The original plan of the bondholders, whereby the certificates of stock were to be attached to the second mortgage income bonds, seems to be more practical and will entail less expense. Control will be left in the bondholders and no question of the propriety of the extension of the voting trust agreement will be involved.

Accordingly, the plan of the reorganization committee as originally proposed, containing no provision for the voting trustees, should have been approved. The motion of November 3, 1937, permitting the amendment of the reorganization committee's revised plan of reorganization in the manner provided for in paragraph (1) of the notice of motion, should have been granted.

It follows that the order of November 3, 1937, should be reversed,

---

* Laws of 1935, chap. 19.— [REP.

with twenty dollars costs and disbursements, and the motion granted as indicated, and the order of November 10, 1937, reversed in so far as appealed from.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Order entered November 3, 1937, unanimously reversed, with twenty dollars costs and disbursements, and the motion granted as indicated in the opinion; and the order entered November 10, 1937, unanimously reversed in so far as appealed from. Settle order on notice.