ALBERTINE STAUSS, as Trustee, Respondent, *v.* TITLE GUARANTEE AND TRUST COMPANY, Appellant.

Submitted June 10, 1940; decided October 8, 1940.

*Flynn L. Andrew, William J. Junkerman* and *Eugene Z. DuBose* for appellant.

*Martin D. Jacobs* and *John J. Boyle* for respondent.

Lewis, J. The plaintiff has thus far prevailed in this action at law for money had and received which is based upon her executed rescission of the purchase of three mortgage participating certificates alleged to have been induced by fraudulent representations by an agent of the defendant.

The complaint alleges in substance that in April, 1926, the plaintiff advised a representative of the defendant that she desired to invest the sum of $6,000 " * * * in a safe investment in such a way so that upon her death her children would be entitled to the investments;" that she was induced by the defendant's agent to purchase mortgage participating certificates which were represented as a safe and proper investment for trust funds, secured by a mortgage on buildings and guaranteed by the defendant. Such representations, it is alleged, were made by the defendant with intent to deceive and defraud the plaintiff and were false in that the mortgage against which the participating certificates were issued was an unauthorized and improper investment for trust funds; that the mortgage was not upon a building but upon unimproved land and that the payment of the certificates was not guaranteed by the defendant but by a subsidiary of the defendant whose financial responsibility was uncertain. It is also alleged that the last payment received by the plaintiff upon the certificates was a partial payment of interest due August 15, 1933, and that after discovering the true facts relating to the transaction she offered to return the certificates thus

purchased, tendered all sums received by her from the investment and demanded return of the purchase price.

The answer denies the material allegations of the complaint except defendant admits that the plaintiff purchased the three mortgage participating certificates in question and alleges as an affirmative defense that long prior to September 29, 1935, the plaintiff had knowledge of the facts but made no attempt to rescind the purchase prior to that date and, therefore, must be deemed to have ratified the same.

At the close of the plaintiff's evidence her counsel stipulated that " * * * the only question that should be submitted to the jury will be whether there was a representation that there were buildings on the premises." Accordingly we pass at once to the evidence submitted upon that narrow question. The plaintiff testified that on the first occasion, when she went to one of the defendant's branch offices, she made the following inquiry of a man whose name she did not know: " I asked him if he has buildings what I could put my money into but that it should be safe, * * *. I asked him if it surely would be safe, my money, and he said yes, they had lots of buildings to put my money into. So I asked him if it could be arranged that I could put the money in trust for my children; * * *." She made no purchase at that time, her statement being, " I only want to go down and see if they had buildings to invest the money that it should be safe. I only went down to inquire the first time. * * *" On the following day, according to her testimony, the plaintiff returned to the defendant's office where she delivered $6,000 to the same man to whom she had talked on the previous day. After giving her a receipt for that sum there were prepared and later delivered to her by the defendant, three mortgage participating certificates of two thousand dollars each due February 15, 1929, with interest at five and one-half per cent per annum payable February 15th and August 15th. The three certificates were issued to the plaintiff as trustee for her three children respectively. Each certificate, according to the undisputed proof, entitled her to an undivided

share, equal to the amount of two thousand dollars with interest, in a certain bond of the obligor, Avenue D Building Co., Inc., and secured by a real estate mortgage of $35,000 covering one hundred and six lots having a fair market value on April 1, 1926, of $75,300. In connection with the three certificates there were also prepared at plaintiff's request and then executed by her under date of April 1, 1926, three written declarations of trust for the benefit of her three children, the terms of which are immaterial here.

Thereafter for a period of more than seven years the plaintiff received in full the interest due upon each certificate. Meantime, in 1929 and again in 1932, on the dates when they became due and payable, she applied for an extension and renewal of each certificate. There came a time, however, on August 15, 1933, when there was paid on each certificate only seventy-five per cent of the interest then due. This fact prompted the plaintiff to inquire at the defendant's office and elsewhere as to the reason why the full amount of interest was not paid. In the course of such inquiries and upon an occasion in February, 1934, she claims to have received at the defendant's office her first information that the real property covered by the mortgage to which her participating certificates attached was unimproved land.

There may be doubt whether the evidence outlined above was sufficient to establish fraud on the part of the defendant. However, we find it unnecessary to consider that question because, in any event, by her failure promptly to return the certificates upon the discovery of the alleged fraud, the plaintiff has defeated her right to recovery herein. By her conduct she ratified the purchase here in suit. Upon that subject this court has said: " one may confirm a transaction voidable for fraud * * * by exercising dominion over the subject-matter of a sale, or even by silence and inaction with knowledge of one's rights." (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308, 313.) The right of a party to a sale to avoid the transaction for fraud or misrepresentation is conditioned upon an offer, made promptly after acquiring knowledge thereof, to return

the subject-matter of the sale and any avails therefrom. (Cf. American Law Institute, Restatement of the Law of Contracts, § 480.)

Testing the record by these rules we find it to be conceded that no formal tender and rescission was made by the plaintiff within a period of more than two years after the date in February, 1934, when she claims to have discovered that the mortgaged property was unimproved. Meantime her conduct in relation to the three certificates owned by her includes acts of dominion which are incompatible with her present claim based upon rescission. When she was informed at the defendant's office in February, 1934, that the mortgaged property was unimproved land she then advised defendant's representative that she would consult a lawyer. Thereupon she interviewed an officer of the Dime Savings Bank, who referred her to a firm of attorneys who in turn promptly investigated the matter and reported to her. In May, 1934, three months after the date when she claims to have been informed of the unimproved character of the mortgaged premises, she applied for and secured from the Superintendent of Insurance a list of the holders of certificates similar to those which she had purchased. Thereafter in August, 1934, seven months after her alleged discovery, she attended a meeting of the holders of such certificates in the office of an attorney and was elected and acted as a member of a committee of certificate holders. During the following year — in April and August, 1935 — she continued to attend meetings of the certificate holders and on September 26, 1935, more than nineteen months after her alleged discovery of what she claimed to be a fraudulent representation by the defendant, she went to the office of the defendant where she presented three written memoranda in which she stated that she rescinded the purchase of the three certificates made more than nine years prior to that date. The return of the certificates was not offered at that time. In fact the formal tender and rescission was not made until March 13, 1936.

The three mortgage certificates here in suit were things of value. (*Matter of New York Title & Mortgage Co.,*

277 N. Y. 66, 77.) By the terms of each certificate the defendant assigned to the plaintiff an equitable interest in the mortgage to which it held title. Each certificate gave the plaintiff as its owner certain rights and interests. While they were outstanding they incumbered the defendant's title with a lien. (*E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124, 129, 130; *Matter of People [Title & Mortgage Guarantee Co.]*, 264 N. Y. 69, 88.) So long as plaintiff retained her certificates, the defendant — to the extent of plaintiff's holdings — was at a disadvantage by being prevented from taking such action as conditions warranted in relation to the property. (*Matter of Lawyers Mortgage Co.*, 277 N. Y. 244; *Matter of People [Title & Mortgage Guarantee Co.]*, *supra*, pp. 86, 87, 93.)

The record at hand discloses a failure by the plaintiff to establish a rescission of the purchase in suit — including the return or tender of all she received as avails of the transaction — promptly after she became aware of the alleged fraudulent representation by the defendant. " A return of the property * * * obtained under the contract is part of the act of rescission." (*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75, 82.) Such proof was an essential element of the plaintiff's present action at law which is based upon an executed rescission. (*Shappirio* v. *Goldberg*, 192 U. S. 232, 242; *Schiffer* v. *Dietz*, 83 N. Y. 300, 308; *Cobb* v. *Hatfield*, 46 N. Y. 533, 537; *Baird* v. *Mayor*, 96 N. Y. 567, 598; *Tanenbaum* v. *Federal Match Co.*, 189 N. Y. 75, 83, 84; *Friedman* v. *Richman*, 213 App. Div. 467, 469, 470; affd., 241 N. Y. 576; *Trowbridge* v. *Oehmsen*, 207 App. Div. 740, 748, 749; affd., 241 N. Y. 564. Cf. American Law Institute, Restatement of the Law of Contracts, § 349, comment C, and §§ 480, 483, 484; 5 Williston on The Law of Contracts [Rev. ed.], § 1469, p. 4110.)

In the circumstances disclosed by the record we conclude that a delay by the plaintiff of more than two years in restoring to the defendant or tendering the certificates and the interest received thereupon which, as we have seen, are valuable items of property, defeats her right to recovery herein.

The judgments should be reversed, with costs in all courts, and the complaint dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH and SEARS, JJ., concur; RIPPEY and CONWAY, JJ., dissent and vote to affirm.

Judgments reversed, etc.